REQUESTED BY: Dear Senator:
You have asked us for our opinion as to the constitutional validity of Legislative Bills 44 and 229. These bills, in the aspects which we will discuss, are so similar that a separate opinion for each is not indicated, but we will discuss both herein.
Both bills provide for a committee of the Legislature to exercise what amounts to a veto power over rules and regulations promulgated by state administrative agencies. In L.B. 44 the committee is called the Administrative Rules and Regulations Review Committee, and in L.B. 229 it is the Legislature's Committee on Administrative Agency Rules and Regulations, created by section 84-908, R.S.Supp., 1976.
Both bills provide that the committee may hold public hearings to investigate complaints about such rules and regulations, and may, on the basis of such complaints, suspend any rule complained of on the vote of the specified number of members of the committee. L.B. 229, but not L.B. 44, also provides that the committee may suspend a rule or regulation if it concludes that the rule or regulation is inconsistent with or exceeds the authority granted to the agency by law or the intent of the Legislature in enacting the law.
If such a rule or regulation is suspended, both bills require the committee to place before the Legislature a bill to repeal the rule or regulation involved. If such bill passes, the rule or regulation shall not again be adopted unless a bill is passed by the Legislature authorizing it. If the bill is defeated, the rule or regulation shall be reinstated, and the committee shall not suspend it again, under L.B. 229, or for 12 months, under L.B. 44.
We believe both of these bills present very serious questions involving the separation of powers. Article II, Section 1 of the Nebraska Constitution provides:
 "The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."
Obviously, the committees created by these two bills are legislative committees, and are a part of the Legislative Branch. The Constitution specifically forbids the Legislative Branch to exercise administrative or judicial powers.
Rules and regulations of administrative agencies are promulgated pursuant to statutory authority. The statute must contain standards governing the agency in the exercise of its rule-making authority, but when an agency adopts rules and regulations in accordance with statutory guidelines, it is performing an administrative function, in accordance with powers given to it by the Legislature.
Indeed, if the adoption of rules and regulations were a legislative function, an agency could not do so, as this would constitute a violation of Article II, Section 1 of the Constitution. It appears axiomatic that the revision, repeal, or suspension of such rules and regulations are also administrative functions.
Let us discuss first the provision in L.B. 229 that the committee may suspend a rule or regulation if it concludes that it is inconsistent with or exceeds the authority granted the agency by law or the intent of the Legislature in enacting the law. In 2 AM.Jur.2d 517, Administrative Law § 656, we find:
 "The interpretation of a statute or regulation involves a question of law, and statutory construction is the function of the courts, which, it is held in some cases, the legislative branch cannot restrict. Since the statutes under which administrative agencies act contain the policy which the legislature desires to be pursued and the standards which are to control the pursuit of that policy, and judicial review is an additional assurance that the legislative policies will be executed, the matter of statutory construction is not finally entrusted to administrative agencies, but is determinable ultimately by the courts. The scope of review provision of the Federal Administrative Procedure Act declares generally that the reviewing court shall interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action."
We therefore conclude that L.B. 229 attempts, by this provision, to vest in the legislative committee the judicial function of determining whether or not the action of the administrative agency was authorized by the statute. InDavis v. General Motors Acceptance Corporation, 176 Neb. 865,127 N.W.2d 907 (1964), the court struck down a statute which it held constituted a legislative invasion of judicial powers. Section 84-911, R.R.S. 1943 makes provision for judicial review of the validity of rules. The provision in question violates Article II, Section 1 of the Constitution by vesting this judicial power in a legislative committee.
Let us now consider the provision in both bills to provide for the suspension of rules and regulations on the basis of complaints, and after hearings. We are assuming in this discussion that the rules were authorized by statute, were not in excess of the authority granted by the statute, and were therefore in all respects valid and enforceable, but that the committee concluded that they were unduly harsh, or that for some other reason, political or otherwise, they should not be enforced.
In this connection we think the language found inState ex rel. Meyer v. State Board of Equalization andAssessment, 185 Neb. 490, 176 N.W.2d 920 (1970) is pertinent. While finding the particular provision under discussion valid, the court said:
 "The Legislature has plenary or absolute power over appropriations. It may make them upon such conditions and with such restrictions as it pleases within constitutional limits. There is one thing, however, which it cannot do, and this is inherent in Article II, section 1, Constitution of Nebraska. It cannot through the power of appropriation exercise or invade the constitutional rights and powers of the executive branch of the government. It cannot administer the appropriation once it has been made. When the appropriation is made, its work is complete and the executive authority takes over to administer the appropriation to accomplish its purpose, subject to the limitations imposed. . . ."
The court said the Legislature cannot administer an appropriation once it is made. In the same vein, once the Legislature has passed a bill giving an administrative agency power to administer a statute, including the power to adopt rules and regulations, the function of the Legislature is complete, and the administrative branch takes over. In giving the committee the power to suspend rules and regulations, these bills would give the Legislative Branch administrative functions. We believe the court would hold this to be an invasion of the power of the Executive Branch.
We also point out that the function of the committee would necessarily have to be administrative or judicial, as it clearly could not be legislative. Legislative powers can only be exercised by the Legislature itself, and not by committees thereof.
The Constitution provides for the manner of exercising legislative powers, and further provides that every bill passed by the Legislature shall be presented to the Governor, for his signature or veto. See Article IV, Section 15. If the suspension of rules were thought to be a legislative function, the procedure prescribed would deny the Governor his veto right.
The bills further provide for the submission of bills to the Legislature for the repeal or suspension of rules and regulations. As we have previously said, we believe the repeal of rules and regulations, like their adoption, is an administrative function, and cannot be exercised even by the Legislature itself. Without question the Legislature could, if it saw fit, accomplish the invalidation of almost any rule or regulation by amending the statute under which it was promulgated, removing the foundation upon which the rule or regulation was based. But to simply `repeal' the rule or regulation (which was not `passed' by the Legislature in the first place) would create an anomaly. The basic statute would continue to authorize the rule or regulation, but the `repealer' would forbid it. In any event, we believe it would be difficult to sustain such an action against an attack based upon Article II, Section 1.